Rums:, C. J.
 

 On the first question the case of
 
 Bronson
 
 v.
 
 Payntor,
 
 4 Dev. and Bat. 393, is in point. Jt tvas
 
 *364
 
 there determined, that a plaintiff might recover upon the demise of the tenants in common, to the extent of their right, though a third person did not join, and also in that case and in
 
 Godfrey
 
 v.
 
 Cartwright,
 
 4 Dev. 487, that there might be a general verdict and judgment that the plaintiff recover his term, since under the writ of possession the lessors of the plaintiff proceed at their peril. The defence founded on the statute of limitations, we think, must also fail. The possession began “ shortly after” the 10th of November, 1838 : so that it wanted a month or thereabout of seven years, when this suit was commenced, which was on the 23d of October, 1845. But the defendant insists that Kinney had been in possession, by his tenants or by himself, from October 1837, or, at all events, from the 1st of January, 1838, which would exceed seven years. Eslick certainly held under Kinney from January to June of that year. But the question remains, whether, after Eslick went away, there was any occupation or possession under Kinney’s title, until the defendant entered.
 

 A defence of this nature admits the better right to have been in one or more of the lessors of the plaintiff. The
 
 onus
 
 is on the defendant to
 
 shew
 
 a
 
 possession, adverse to
 
 the other claimant, and continued for the full term of seven years; and this ought to be established by evidence, that does not leave the point of his possession doubtful— since the original right ought to prevail, unless the bar plainly appear. Now, for a period of four and a half or five months — from June until, at the earliest, about the middle of November — there was no actual occupation of the premises ; and the point is, ■whether it can be said, that the possession then was legally in Kinney. The general rule is, that where there is no actual possession by some person, it is constructively in the owner. Therefore the possession of Kinney, if existing, must, in order to answer the defendant’s purpose, be deemed in a legal sense, the actual possession. And here the remark occurs, that
 
 *365
 
 the whole question turns’on the first'instruction prayed, and that the two others, as expressed, and as far as they differ from the two first, ought, without doubt, to have been rejected. For an intention to occupy cannot amount to occupation, unless denoted by actual occupation, prior and subsequent, so near together as to shew an uninterrupted exercise of ownership, or continued assertion of right, and liability at all times to the possesory action of the owner. And secondly, as there was no evidence of “ the usage cf landlords” in the town of Elizabeth in particular, or of Kinney’s motives for leasing or selling the premises before November, or of his closing the house for short intervals, the defendant could not demand an opinion cf the Court upon the hypothesis of a usage, or that Kinney closed the house, and much less that he did so for want of a suitable tenant. The merits of the controversy then depend on the point first raised ; which is, whether the defendant has shown, that, from June until some time in November 1888, the possession is to be taken, in point of law, to have been in Kinney. We cannot undertake to say, what interval between two actual personal occupations, under the same claim of title, will interrupt the possession in a legal sense. A day, or week, or month, or even a longer time between the outgoing of one tenant and the incoming of another, may not of itself, perhaps, make a chasm in the possession; especially, if in the mean while, there be any use of the premises, or liabilities incurred on account of the premises — as by listing by one, as owner or occupant, for taxes, or by putting or leaving property there, though of little value, as in the case given in the books, of beer in the cellar or hay in the stable ; or by locking up the house and keeping the key. But there is in this case, nothing of that kind; nothing except that in June a tenant of Kinney left the premises, and four and a half or five months afterwards, the defendant purchased from Kinney and went into pos-session. It is to be taken, that Eslick leased only for
 
 *366
 
 the time lie occupied, since nothing more appears; and therefore, that Kinney might have immediately entered, or leased to another person. Eslick says, indeed, that he surrendered the possession to Kinney, and it is insisted that Kinney is to be deemed thenceforward in possession. But that is not a just inference. It does not follow, because Eslick’s lease and possession were determined, that Kinney then took, much less that he continued in possession for the next five months. It is argued, that the case is within the reason of the rule.
 
 Blair
 
 v.
 
 Miller,
 
 2 Dev. 407, that it is sufficient, if an owner has a field in crop or under fence, as a part of his plantation, according to the general course of agriculture, or has tenants to make a crop on his land every year, though the one does not enter the day the other goes out. But the usual enjoyment of land employed in agriculture is to make an annual crop ; which is not, ordinarily, the business of the whole year. But houses are not thus occupied for a part of the year, by those who lease them for the whole year. On the contrary, the rent is usually according to the period of occupation, and owners commonly go in themselves or put in another tenant, when a prior lease expires ; so as to get the full enjoyment of their
 
 property.
 
 As there can be no presumption of possession under the lease to Eslick after June, it becomes necessary, in order to continue the possession afterwards, that something should have been done by Kinney, denoting that he was acting as owner and as owner in the enjoyment of the premises. It is said, that some time must be allowed for getting a suitable tenant. Admitting that there may be some interval between the expiration of one lease and the granting of another, during which it may not bo necessary to shew any actual exercise of dominion by the landlord, yet it would be going much beyond the necessity for such indulgence, if allowable to all, to admit of so long an interval as occurred here. If a landlord be entitled to five months to find another tenant t>r a pur
 
 *367
 
 chaser, how can we say that he shall not have twelve or double that number if needed, to get a person that' he deems suitable. It would really revérse the rule of law; for, instead of holding that the possession is according to the title, when there is no actual occupant, it would establish a rule, that when one person has once been in actual possession, he is to be presumed to continue so indefinitely, contrary to the fact, unless the owner enter and actually occupy. Without, then, going beyond the case before us, we hold it safe to say, that the hiatus between the two occupations of Eslick and the defendant, is too large to found a presumption on of a continued possession, in the absence of any intermediate- act of ownership by Kinney or any one under him.
 

 Per Cuiuam. Judgment affirmed.