Battle, J.
 

 The first question raised by the defendant in his bill of exceptions,-lias been too often decided by this Court to be now open for argument. A mere omission by the Judge to charge the jury upon a particular point, where no specific instructions upon it have been asked, is not error.
 
 Torrence
 
 v.
 
 Graham,
 
 1 Dev. and Bat. Rep. 288 ;
 
 State
 
 v.
 
 O'Neal,
 
 7 Ire. Rep. 253 ;
 
 Arey
 
 v.
 
 Stephenson,
 
 12 Ire. Rep. 34.
 

 The second exception is equally untenable. The interval of
 
 “
 
 twelve months or thereabouts” in the actual occupation of the land by William Crayton, was fatal to the defendant’s claim of title upon an adverse possession of seven years under color of title.
 
 Holdfast
 
 v.
 
 Shepherd,
 
 6 Ire. Rep. 361. In this respect, a claim by means of an adverse possession under
 
 *25
 
 the statute of limitations, differs essentially from one by means of a possession, raising the presumption of a grant.
 
 Reed
 
 v. Earnhart, 10 Ire. Rep. 516
 
 ; Taylor
 
 v. Gooch, 3 Jones’ Rep.
 
 467.
 

 Nor can the testimony of Conrad Crayton help the defendant. The operations of the gold-hunters, spoken of by this witness, on the land, during William Crayton’s absence, were not such' as to constitute an adverse possession under the statute. The witness could not sa;y they were continuous, and they had quite as much the appearance of distinct trespasses, as of an actual occupation of the land ■ under a claim of title. This Court has decided, after a review of all the cases on the subject, that the cutting of trees and the feeding of hogs upon a tract of land susceptible of other uses and enjoyment, under a color of title for seven years, did not constitute such a possession as would bar an entry.
 
 Loftin
 
 v.
 
 Cobb,
 
 1 Jones’ Rep. 406.
 

 The acts of the gold-hunters, as proven in this case, ought not to have any greater efficacy. •
 

 There is no error, and the judgment must be affirmed.
 

 Pee CueiaM. Judgment affirmed.