NANNIE HELTON v. JENNINGS R. COOK AND WIFE, MADELINE HELTON COOK

No. 7519SC470

(Filed 19 November 1975)

Adverse Possession § 5— continuity of possession — service of prison sentences

> Plaintiff's claim of title by adverse possession under G.S. 1-40 was not defective as a matter of law because of her absence from the property to serve prison sentences of four months on one occasion and nine months on another occasion where plaintiff has occupied and used the land and dwelling thereon as her home since the early 1940's, the house was unfinished when she first took possession, plaintiff installed water and lights and had the bathroom fixed, plaintiff has since made various additions and repairs to the house, plaintiff paid off the $1500 mortgage on the house, plaintiff has listed the property for taxes and paid the taxes on it since 1950, and the holder of record title to the property had unequivocal notice that plaintiff occupied the property and used it for her own and knew that plaintiff's absences from the property to serve prison sentences were temporary in nature and did not represent a cessation of plaintiff's possession and exclusive claim to the property.

APPEAL by plaintiff from *Seay, Judge.* Judgment entered 3 March 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 23 September 1975.

Helton v. Cook

This appeal stems from an action brought by Mrs. Nannie Helton to declare ownership of a parcel of land and a house thereon in Sherwood Hills in the No. 4 Township of Cabarrus County. She owns a lot adjoining the disputed property and has occupied both this lot and the disputed property since the house was completed in 1940.

Following the close of all the evidence, defendants moved for directed verdict. The judge reserved his ruling on this motion and charged the jury on the law of adverse possession. The jury was asked to determine whether Mrs. Nannie Helton occupied the disputed property under known and visible lines and boundaries for more than twenty years under actual, open, hostile, exclusive and continuous possession. The jury returned a verdict in favor of plaintiff on 2 December 1974. On 4 March 1975 the judge entered judgment for defendants notwithstanding the verdict:

" . . . [P]laintiff's evidence, when considered in the light most favorable to her, discloses that during the twenty-year period of time of alleged adverse possession, the plaintiff was incarcerated in the state penitentiary for a period totaling thirteen (13) months; that as a matter of law she was not in actual and continuous possession of said land during said thirteen (13) month period and that defendants' motion for directed verdict could properly have been granted and that defendants are entitled to judgment notwithstanding the verdict;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED under the provisions of Rule 50 (c) (1) of the North Carolina Rules of Civil Procedure that plaintiff have and recover nothing of the defendants; that this action be dismissed; and that the costs of this action be taxed against the plaintiff."

From this judgment plaintiff appeals.

*Williams, Willeford, Boger & Grady, by John R. Boger, Jr., for the plaintiff.*

*Hartsell, Hartsell and Mills, by W. Erwin Spainhour; and Irvin and Belo, by Gordon L. Belo, for the defendants.*

BROCK, Chief Judge.

The sole question presented by this appeal is whether plaintiff's claim of title by adverse possession under G.S. 1-40 is

Helton v. Cook

defective as a matter of law because of her absence from the property for four months and nine months to serve separate prison sentences. In view of the unique circumstances surrounding Mrs. Helton's occupation of the property, we hold that despite her temporary absences from the property in question Mrs. Helton's possession was sufficiently continuous to ripen her claim of adverse possession for the twenty-year statutory period.

Plaintiff's evidence tends to show that she has occupied and used the premises and dwelling as her home since the early 1940's. When she first took possession, the house was unfinished, and she immediately installed water and lights and had the bathroom fixed. Subsequently, she paid off the $1,500.00 mortgage on the house, put a new roof on the house, built a fence around the house, installed a new septic tank when the old one went bad, built a new porch, paid the assessment required for paving the road in front of the property, and built and black-topped a driveway around the house. Moreover, she has paid property taxes on the house and disputed land since 1950. Mrs. Helton testified: "I list taxes, property taxes, on my house and lot. I have listed this property since 1950. I thought it was mine." Plaintiff's evidence further indicates that since 1945 she was forced to leave the property to serve two sentences of approximately four and nine months in the custody of the State Department of Correction. The following are excerpts from Mrs. Helton's testimony at trial:

"I lived in this house when I was in prison. I locked it up. I locked the house up and went to prison and when I came back it was all cleaned up and I moved my clothes back in. . . . I locked up the house and left it while I was in prison. Nobody was living in it. My daughter looked after it. . . . My daughter looked after the house while I was in prison."

The defendant, Madeline Helton Cook, is plaintiff's former daughter-in-law. The property was deeded to her when she and her first husband, plaintiff's son, acquired the property and initiated construction of the house. Mrs. Cook's testimony reveals that she has been in regular contact and communication with plaintiff since plaintiff took possession of the disputed property. Not only did defendant Cook, the holder of record title to the property, have clear and unequivocal notice that Mrs. Helton occupied the property and used it as her own, but

also it appears that Mrs. Cook was in a position to know that plaintiff's absences from the property to serve the prison sentences were temporary in nature and did not represent a cessation of plaintiff's possession and exclusive claim to the property.

In view of the overall character of the plaintiff's possession of the property since the early 1940's, defendant's knowledge of plaintiff's possession throughout this period, and the temporary nature of plaintiff's absences from the property, this case is distinguishable from *Holdfast v. Shepard,* 28 N.C. 361 (1846); *Ward v. Herrin,* 49 N.C. 23 (1856); and *Malloy v. Bruden,* 86 N.C. 251 (1881), in which substantial gaps in the claimant's possession were deemed fatal. Whereas the occupation and use by the adverse claimant must be continuous, it need not be unceasing. *Cross v. R. R.,* 172 N.C. 119, 90 S.E. 14 (1916). Whether the possession is sufficiently continuous depends in large measure upon the unique facts and circumstances of each case. Here, from the standpoint of the holder of record title whom the continuity requirement is designed to protect, plaintiff's possession was continuous within the law of adverse possession.

The judgment notwithstanding the verdict is reversed, and the cause is remanded for entry of judgment for the plaintiff in accordance with the verdict.

Reversed and remanded with directions.

Judges VAUGHN and MARTIN concur.